UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | SA-15-CR-820(2)-DAE |
| JEFFREY FAY PIKE, | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is the Government's Supplemental Motion to Disqualify Kent Schaffer and James Kennedy from the Representation of Jeffrey Fay Pike (Docket Entry 173), and *ex parte* addendum (Docket Entry 172). This matter has been referred to this Court for disposition. A hearing was held on the Motion on January 6, 2017, and the Supplemental Motion was held in abeyance pending the presentation of additional briefing to the Court. (*See* Docket Entry 187.) Having now reviewed the supplemental briefing from the defense (Docket Entry 198), the Court finds it appropriate to rule at this time without additional briefing from the Government.

**I.    Findings.**

In making the following findings, the Court has carefully considered the information submitted by the parties regarding the Supplemental Motion (Docket Entries 172 and 173) and also information submitted with regard to a previous Motion to Disqualify which the Court denied without prejudice (*see* Docket Entries 143, 168, and 170). Having reviewed all these matters, the Court finds as follows:

(1) Defendant Pike's attorneys, Kent Schaffer and James Kennedy, previously represented two persons who are scheduled to testify as Government witnesses.[1]

(2) The matters on which Mr. Schaffer and Mr. Kennedy previously represented Government witnesses meet the "substantial relationship" test to the present case, as set out in *In re American Airlines, Inc.*, 972 F.2d 605, 614 (5th Cir. 1992).

(3) In light of the previous representations, the continued representation by Mr. Shaffer and Mr. Kennedy of Defendant Pike in this case presents either an actual conflict of interest, or a serious potential conflict of interest, including the sort of conflicts set out in Texas Disciplinary Rules of Professional Conduct 1.09(a)(2) and 1.09(a)(3).

(4) Although Defendant Pike has indicated a willingness to waive the actual or potential conflicts presented by his continued representation by Mr. Shaffer and Mr. Kennedy, the Government has shown that its two witnesses will not waive any such conflict.

## II. Analysis.

In light of the findings set out above, Mr. Shaffer and Mr. Kennedy must be disqualified from representing Defendant Pike in this case. "[T]he Sixth Amendment guarantees the defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds. But the Sixth Amendment also guarantees representation that is free from conflicts of interest." *United States v. Sanchez Guerrero*, 546 F.3d 328, 332 (5th Cir. 2008) (citations and internal quotation marks omitted). While "there is a presumption in favor of a defendant's counsel of choice . . . that presumption may be overcome by an actual conflict of interest, or by a showing of a serious potential

---

[1] The witnesses remain unidentified in the public record, without objection from the defense.

for conflict. This is true even when a defendant expresses a desire to waive the potential conflict." *United States v. Gharbi*, 510 F.3d 550, 553 (5th Cir. 2007) (citations and internal quotation marks omitted); *accord United States v. Jackson*, 805 F.3d 200, 202 (5th Cir. 2015) (Sixth Amendment "right to counsel of choice is limited if that counsel has an actual conflict of interest or a serious potential conflict of interest that may arise during trial . . . even if valid waivers are acquired by defense counsel" (citations and internal quotation marks omitted)).

"[A]n 'actual conflict' . . . is a conflict of interest that adversely affects counsel's performance." *United States v. Preston*, 659 F. App'x 169, 179 (5th Cir. 2016) (citation and internal quotation marks omitted). "[A]n attorney's performance [is] adversely affected by a conflict of interest where counsel could [pursue] a plausible alternative defense strategy or tactic but [chooses] not to do so because of the conflict." *United States v. Apodaca*, 603 F. App'x 303, 304 (5th Cir. 2015) (citation omitted); *see also United States v. Burns*, 526 F.3d 852, 856 (5th Cir. 2008) (actual conflict "if counsel had to choose between the divergent or competing interests of a former or current client" (internal quotation marks omitted)).

That said, when determining whether to disqualify counsel for a conflict of interest, "an actual conflict need not be shown; a serious potential for conflict is sufficient grounds for disqualification." *United States v. Dockens*, 253 F.3d 706 (table), No. 00-40277, 2001 WL 498794, at *2 (5th Cir. 2001) (citing *Wheat v. United States*, 486 U.S. 153, 164 (1988)); *accord Jackson*, 805 F.3d at 203–04; *United States v. Sotelo*, 97 F.3d 782, 791 (5th Cir. 1996) ("A defendant's right to choice of counsel is limited 'not only by a demonstration of actual conflict[ ] but by a showing of a serious potential [for] conflict even where a defendant expresses a desire to waive the potential conflict." (quoting *Wheat*, 486 U.S. at 164)); *United States v. Vasquez*, 995 F.2d 40, 42 (5th Cir.

3

1993) (same).

In this case, the serious potential for conflict is clear: Mr. Shaffer and Mr. Kennedy formerly represented Government witnesses in this case in a substantially related matter. Defense counsel recognize the conflict, but make two arguments in favor of continuing to represent Defendant Pike. Neither argument is persuasive.

First, the defense argues that the witnesses, by disclosing information to the Government, have waived any attorney-client privilege they may have in their confidential communications to Mr. Shaffer and Mr. Kennedy. (Docket Entry 198, at 1–2.) This argument fails. The mere fact that the witnesses have agreed to testify does not waive their right to preserve the confidentiality of all information obtained by defense counsel in the former representations: confidentiality concerns extend beyond the evidentiary privilege, and the ethical rules prohibit former counsel not just from *revealing* confidential information, but also from *using* that information in any way for the benefit of another client. *See* TEX. DISC. R. PROF. CONDUCT 1.05(a), 1.05(b)(2). Additionally, the Court made clear in *American Airlines* that disqualification may be required in substantially related cases, even without any proof of a "genuine threat that confidences revealed to his former counsel will be divulged to his present adversary." 972 F.2d at 615 (quoting *Duncan v. Merrill Lynch, Pierce, Fenner & Smith*, 646 F.2d 1020, 1028 (5th Cir. 1981)).

Second, defense counsel proposes to add another lawyer on the defense team to cross-examine the Government witnesses formerly represented by Mr. Shaeffer and Mr. Kennedy. (*See* Docket Entry 198, at 6.) They propose to include the third lawyer as a full member of the defense team, but to wall the third lawyer off from any information Mr. Shaffer or Mr. Kennedy may have obtained during their previous representation of the Government witnesses. (*Id.* at 6–9.)

The Court finds that the proposed procedure would be inadequate to protect against potential conflicts. As noted above, the matters involved in the present case are substantially related to the matters regarding which Mr. Shaffer and Mr. Kennedy previously represented the witnesses; in such circumstances, the Court finds it difficult to envision that a third attorney could act as a full member of the trial team, yet effectively remain walled off from any information the other team members may have about the Government witnesses. Defense counsel cite *Burns*, in which cross-examination by separate counsel was discussed, but in that case "the facts and issues of the previous representation had no relation to the charges brought against [the defendant]" in the present case. 526 F.2d at 857. It is possible that no actual conflicts would arise, or that they would somehow be avoided at trial; however, at this time the serious potential for conflict clearly exists. This serious potential for conflict is sufficient to require disqualification in the circumstances of this case, particularly since the Government witnesses are not willing to waive the issue. *Cf. Wheat*, 486 U.S. at 164 (even if all parties are willing to waive potential conflict, court is not required to accept the waiver).

Finally, even if the suggested procedure would protect against the disclosure or use of confidential information, it would not fully resolve the conflict inherent in an attorney representing clients with clearly adverse interests. As the Fifth Circuit has explained, "our Sixth Amendment precedent, our analogous disqualification precedent, and the relevant ethical standards all support the proposition that [the attorney owes] his former client, not just a duty to preserve any client confidences, but also a duty to avoid accepting employment that [is] adverse to [the client's] interests in the same or a substantially related matter." *Perillo v. Johnson*, 205 F.3d 775, 801 (5th Cir. 2000) (affirming the grant of habeas relief based on conflict of interest). Accordingly, despite defense

5

counsel's arguments, disqualification is required in this case.[2]

**III. Conclusion.**

For the reasons set out above, it is hereby **ORDERED** that the Government's Supplemental Motion and addendum (Docket Entries 172 and 173) are **GRANTED**, and Kent Schaffer and James Kennedy are **DISQUALIFIED** from representing Defendant Jeffrey Fay Pike in this case.

**SIGNED** on January 26, 2017.

Henry J. Bemporad
United States Magistrate Judge

---

[2] The Government raises additional bases for disqualification in its supplemental motion. These matters were substantially addressed at the time of the Court's denial of the Government's original motion to disqualify; in light of the Court's ruling above, the Court does not revisit those issues at this time.

6